**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4974**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY LAMONT ROBINSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, District Judge.  (3:04-cr-00349-REP)

---

Submitted:  May 7, 2007                    Decided:  May 24, 2007

---

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Acting Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Sara E. Flannery, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Lamont Robinson appeals the district court's order revoking his supervised release and imposing a sentence of forty-two months' imprisonment. Robinson contends he was denied due process because the district court relied solely on his uncorroborated confession in finding he had violated the conditions of his supervised release. We review the district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2000).

After reviewing the materials in the joint appendix, we conclude the district court did not abuse its discretion in finding by a preponderance of the evidence that Robinson violated the conditions of his supervised release by committing a crime. Robinson's argument that the court erred in relying solely on his uncorroborated confession is unavailing as a revocation hearing is not a part of the criminal prosecution, and the traditional rules of evidence are not applicable. See Fed. R. Evid. 1101(d)(3).

Robinson also contends that his sentence is procedurally unreasonable. He argues that his advisory guideline range was improperly calculated because it was based on the court's incorrect factual finding that he had committed a crime. As the court

properly determined that Robinson had violated the conditions of his supervised release by committing a crime, and Robinson does not allege that the range is otherwise improper, we conclude Robinson's sentence is reasonable.

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED